PHELPS and others v. GARROW.

It would seem, that where a party resides in the seventh circuit and buys
goods in New York and gives an endorser, who also resides in the seventh
circuit, and the goods are sent to the party (at his aforesaid residence), a suit
in equity, relating to the note given for the goods, should be brought before
the vice-chancellor of the seventh circuit or the chancellor, and not before
the vice-chancellor of the first circuit.

Where a plea sets up the same facts already appearing on the bill, it will be
overruled. The defence should be by a demurrer.

THIS cause came before the court on a plea to the jurisdiction of the vice-chancellor of the first circuit.

*Sept. 12.
1837.

Jurisdiction.
Plea.*

The bill showed that the complainants, under the style of Phelps, Dodge & Co., were merchants in the city of New York. Also, that on the fifteenth day of July, in the year one thousand eight hundred and thirty-five, one James Smith called upon the complainants in New York and represented that he was a merchant, residing and doing business in the town of Auburn in the county of Cayuga and state of New York, and, in order to induce them to sell him a bill of merchandize on credit, offered to give the defendant, Nathaniel Garrow, also a resident of Auburn, as security, in the shape of a promissory note payable to the order of the said defendant and endorsed by him. That the sale of merchandize took place and the complainants received the said promissory note. That afterwards, the complainants received an order for further goods from the said Smith, dated at Auburn and bearing the "Auburn" post-mark, and authorizing them to draw their draft for the amount on him, the said James M. Smith, payable in four months at the bank of Auburn which he promised to accept and to procure the endorsement of the defendant Garrow

thereon. The bill then showed that this second order for mer-
chandize was met, and they received such acceptance of
Smith's with the defendant's, Nathaniel Garrow's, endorse-
ment. That when the draft became due, it was paid by the
said Nathaniel Garrow. That the said Garrow had commen-
ced a suit in the supreme court against the complainants, as
drawers of the said draft; and the action was noticed for trial
at the next circuit court to be holden at Auburn in the said
county of Cayuga. The complainants charged that the said
Nathaniel Garrow endorsed the said draft as security to the
complainants for its payment, and for the purpose of becoming
liable to them for Smith's indebtedness; and that he, the said
Garrow, had been in the habit of endorsing for the said James
M. Smith. Prayer: for discovery to aid the complainant's
defence in the action.

*Plea:*—That the complainants drew their draft or bill of
exchange as mentioned in the said bill of complainant, drawn
on the said James M. Smith for the sum of four hundred and
one dollars and two cents, payable at the bank of Auburn to
the order of this defendant; that the said draft or bill of ex-
change was endorsed by this defendant, Nathaniel Garrow.
And also saving and excepting that when the said draft or bill
of exchange became due and payable, he, the said Nathaniel
Garrow, paid the same, for plea thereunto saith that the said
draft or bill of exchange was endorsed by this defendant, Na-
thaniel Garrow, at Auburn, in the county of Cayuga, and that
the same was paid by this defendant at the Bank of Auburn,
in the said village of Auburn. And this defendant, Nathaniel
Garrow, also pleads and avers that he resided in the said vil-
lage of Auburn and not within the limits of the said first cir-
cuit at the time of the filing of the bill of complaint in this
cause; and that all suits in equity, by reason of the premises
stated in the said bill of complaint or any part thereof, ought
to be impleaded and are impleadable before the chancellor, and
not before the vice-chancellor of the first circuit. And there-
fore, &c.

Mr. *N. Beardsley*, for the defendant, Nathaniel Garrow.

Mr. *W. W. Campbell*, for the complainants.

THE VICE-CHANCELLOR:—As between the complainants and defendant, the cause and matter of controversy must be deemed to have arisen at Auburn—there the defendant resides, and there it was that he entered into what the complainants insist was a suretyship for Smith, by endorsing the draft, and there also he paid the draft. True, the debt had its origin in the city of New York, where the draft was drawn and dated; and if any controversy existed between the complainants and Smith in relation to the transaction, it would be considered as arising within this circuit; but the defendant's connection with it may be regarded as having a distinct origin, since the bill does not show that he was privy to Smith's offer, at the time he contracted for the goods, to give the defendant as endorser. The defendant may have consented for the first time to become such endorser or surety after the goods had been delivered, and the draft drawn and sent to Auburn for acceptance. I am strongly inclined to think this is the correct view to be taken of the question of locality, and that this bill ought, consequently, to have been filed before the chancellor or the vice-chancellor of the seventh circuit; still, another question arises, whether the objection to the jurisdiction here is properly taken in this case by plea? The plea sets out three facts; First: that the defendant endorsed the draft at Auburn; Secondly: that he paid it there; And thirdly: that the defendant resides at that place and not within the limits of the first circuit. Now all these facts abundantly appear on the face of the bill itself, and can be taken advantage of by demurrer; then why should a plea of the same facts be interposed. It would be confounding all distinction between a plea and a demurrer, to hold that a plea can be proper or admissible in such a case. On this ground I am of opinion the plea must be overruled with costs, leaving the defendant to set up the objection of a want of jurisdiction in some other form as he may be advised.